**WASHINGTON TELEPHONE FEDERAL CREDIT UNION, Appellant,**

v.

**Virginia BREEDEN, Appellee.**

**No. 2359.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 30, 1959.

Decided June 9, 1959.

George C. Dreos, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant sued appellee as a cosigner on a promissory note and obtained a default judgment. An attachment on the judgment was issued to appellee's employer and a week's salary was withheld from her. Appellee then filed a claim of exemption under Code 1951, § 15–403(a) (Supp. VI), which provides that:

"The earnings, salary, insurance, annuities, or pension or retirement payments, not otherwise exempted, not to exceed $200 each month, of any person residing in the District of Columbia, or of any person who earns the major portions of his or her livelihood in the District of Columbia, regardless of place of residence, who provides the principal support of a family, for two months next preceding the issuing of any writ or process against him, from any court or officer of and in said District shall be exempt from attachment, levy, seizure, or sale upon such process, and the same shall not be seized, levied on, taken, reached, or sold by attachment, execution, or any other process or proceedings of any court, judge, or other officer of and in said District: *Provided, however,* That where husband and wife are living together, the aggregate of the earnings, salaries, insurance, annuities, and pension or re-

tirement payments of the husband and wife shall be the amount which shall be determinative of the exemption of either in cases arising ex contractu."

At the hearing on the claim of exemption, it was shown that appellee's wages did not exceed $200 per month. However, it was found that appellee's husband was at that time receiving unemployment compensation, which, if aggregated with appellee's earnings, would exceed $200 per month. The trial judge refused to add in the unemployment compensation, granted the claim of exemption, and released the attachment. This appeal followed.

In its brief, appellant contends that the husband's unemployment compensation should be classed as earnings or salary and aggregated with appellee's earnings. It is stated that there are no precedents for this contention in this jurisdiction. The slate is not so clean. It is true that there is no case law on the point. However, appellant has apparently overlooked Code 1951, § 46–318(b), which reads as follows:

"No assignment, pledge, or encumbrance of any right to [unemployment compensation] benefits which are or may become due or payable under this chapter shall be valid or enforceable; and the right to any such benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and the benefits received by any individual so long as they are not mingled with other funds of the recipient shall be exempt from any remedy whatsoever for the collection of all debts except debts accrued for necessaries furnished to such individual, his spouse, or his dependents during the time when such individual was unemployed."

There is no indication in the record before us that the unemployment compensation benefits were mingled with other funds, or that the debt sued on was for necessaries furnished during a period of unemployment.[1] Code 1951, § 15–403(a) (Supp. VI), requires that only earnings, salary, etc., "not otherwise exempted" are to be aggregated, and clearly by virtue of Code 1951, § 46–318(b), this unemployment compensation is exempted. Therefore, the action of the trial judge in refusing to aggregate the unemployment compensation payments with appellee's wages was correct, and the exemption was properly granted.

Affirmed.

---

1. Indeed, the debt sued on was not even that of the recipient of the benefits.